743 So.2d 1189 (1999)
Joseph TOOMA, Appellant,
v.
Michael W. MOORE, et al., Appellees.
No. 98-2135.
District Court of Appeal of Florida, First District.
November 1, 1999.
Pro se, for Appellant.
Joy A. Stubbs, Assistant General Counsel, Tallahassee, for Appellees.
BROWNING, J.
Appellant appeals the trial court's order dismissing his petition for writ of mandamus for failure to comply with the terms of the trial court's case management order. Along with his petition for writ of mandamus, Appellant submitted documentation to proceed with his suit as an indigent pursuant to section 57.085, Florida Statutes (1997). However, Appellant's documentation failed to include the prisoner trust account statement required both by statute and the case management order. Appellant argues the trial court abused its discretion by dismissing his petition without first affording him an opportunity to correct the deficiency. We agree.
As this court has previously and succinctly held, it is an abuse of discretion to dismiss a petition for failing to comply with the requirements of section 57.085 without first affording to the party an opportunity to correct the deficiencies. Marquart v. Florida Parole Comm'n, 701 So.2d 674 (Fla. 1st DCA 1997); Masiello v. Moore, 739 So.2d 1196 (Fla. 1st DCA 1999).
Accordingly, the trial court's order of dismissal is REVERSED and the matter REMANDED to allow Appellant an opportunity to correct the deficiencies in his original submission.
BOOTH and KAHN, JJ., CONCUR.